UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MEISAM ALIZADEH,<br><br>                                   Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                               Respondents. | Case No.:  26-CV-2924 JLS (MMP)<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 6) |

Presently before the Court is Petitioner Meisam Alizadeh's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 6).  Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 8). For the reasons set forth below, the Court **GRANTS** the Petition for a Writ of Habeas Corpus.

**BACKGROUND**

Petitioner, a citizen of Afghanistan, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since November 27, 2025, when he entered the United States seeking asylum.  Pet. at 2.  His next master calendar hearing is on June 10, 2026, and if he is ordered removed, Petitioner plans to

appeal. *Id.* Petitioner alleges that his prolonged detention violates the Due Process Clause of the Fifth Amendment. *See generally* Pet.

## DISCUSSION

### I.     Legal Standard

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

### II.     Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at \*5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the

government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, over six months, without a bond hearing weighs slightly in Petitioner's favor. Courts have found that detention of similar lengths without a bond hearing weighs in favor of finding that detention has become unreasonable. *See, e.g.*, *Castro Ricardo v. ICE Field Off. Dir.*, No. 26-CV-1195-SAB, 2026 WL 1179786, at *2 (W.D. Wash. April 30, 2026) (finding detention prolonged without a hearing at five and a half months); *Nche v. Patrick*, No. 26-CV-2449-JES-DDL, 2026 WL 1195015, at *3 (S.D. Cal. May 1, 2026) (finding this factor weighed slightly in favor of a bond hearing after six months of detention); *Islamov v. Doe*, No. 26-CV-1528-JES-VET, 2026 WL 1179873, at *4 (S.D. Cal. April 30, 2026); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore slightly favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he has reason to anticipate significant future detention because he plans to appeal any removal order. Pet. at 2. The Court agrees, as Petitioner's appeal to the BIA may take months, and any appeal to the Ninth Circuit thereafter may take years. *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest significant delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

/ / /

26-CV-2924 JLS (MMP)

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 6) and **ORDERS** the Government to provide Petitioner with a bond hearing <u>within fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance. The Government **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.   The Court **DENIES** the Amended Petition to the extent it seeks release.

The Parties **SHALL FILE** a Joint Status Report by <u>June 26, 2026</u>, informing the Court of the outcome of the hearing or the status of the hearing if Petitioner requests a continuance.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  June 5, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2924 JLS (MMP)